# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RENEE (COG) FEREBEE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-17-165 |
| Eastern Motors Dealership, et al., | * | |
| Defendants. | * | |

*** 

## MEMORANDUM OPINION AND ORDER

Renee Ferebee, a self-represented litigant residing in Temple Hills, Maryland, filed this lawsuit, alleging that Defendants SABMD, LLC, t/a Easterns Automotive Group ("Easterns"),[1] Mr. Dalni Tahrui, and Mr. Lee discriminated against her when they would not allow her to test drive a 2014 BMW. Compl. 1, ECF No. 1. In addition to what appears to be a discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* Ferebee claims "defamation of character, age, race, threats, [and] sabortagement [sic]." *Id.* Although Ferebee does not provide the date of the alleged incident, she attaches a complaint that she filed against Easterns in the Circuit Court for Prince George's County, Maryland ("State Court Litigation") on August 4, 2014, describing the same incident as having happened the day before she filed suit in state court. State Ct. Compl., ECF No. 1-1.

Easterns has filed a Motion to Dismiss, ECF No. 9, which the parties fully briefed, ECF Nos. 9-1, 12, 13, 15, 16, 17. A hearing is not necessary. *See* Loc. R. 105.6. Because Ferebee filed suit against Easterns on the same grounds in the State Court Litigation, and that case was

---

[1] Plaintiff incorrectly named Defendant as "Eastern Motors Dealership." See Def.'s Mem. 1 n.1, ECF No. 9-1. The Clerk shall correct the docket.

dismissed with prejudice, I will grant Defendant's Motion and dismiss Ferebee's suit with prejudice.

## Motion to Proceed in Forma Pauperis

Plaintiff seeks leave to proceed in forma pauperis. ECF No. 2. Plaintiff's affidavit is not a picture of clarity. She claims that she is a self-employed attorney, earning $13,000 monthly. Pl.'s Mot. 1. She also indicates that she is retired and collects approximately $353 per month in retirement benefits, as well as $1,200 per month in social security income. *Id.* at 2. She indicates that she has $223 in cash, $42 in her checking account, and $180 in her savings account, and owns no assets. *Id.* at 2–3. She claims that trillions of dollars are owed to her by various entities. *Id.* at 3. She lists approximately $14,000 in monthly expenses. *Id.* at 4. Notwithstanding the discrepancies in Plaintiff's affidavit, the Court will grant her Motion for Leave to Proceed in Forma Pauperis.

## Motion to Dismiss

Under Rule 12(b)(6), Ferebee's pleadings are subject to dismissal if they "fail[ ] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a [claim] and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). If an

affirmative defense "clearly appears on the face of the [pleading]," however, the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (citation and quotation marks omitted)). One such affirmative defense is *res judicata.*

Ferebee is proceeding *pro se*, and her Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

Although at this stage of the proceedings, I accept the facts as alleged in Ferebee's Complaint as true, *see Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011), when reviewing a motion to dismiss, I "may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Additionally, I may take judicial notice of state court documents pursuant to Fed. R. Evid. 201 and 803(8)(a)(1). Consideration of documents that the plaintiff references and relies upon does not convert a motion to dismiss into a motion for summary judgment. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

When a federal court litigant asserts that a state court judgment has preclusive effect, "[the] federal court must give to [the] state court judgment the same preclusive effect as would

be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under Maryland law, *res judicata*, or claim preclusion, provides grounds for dismissal if a defendant establishes that "(1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits." *Capel v. Countrywide Home Loans, Inc.*, No. WDQ-09-2374, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010) (citing *Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005)).

Ferebee only named Easterns as a defendant in the State Court Litigation, *see* State Ct. Compl. 1, whereas she filed suit in this Court against Easterns employees Mr. Dalni Tahrui and Mr. Lee, as well as Easterns, *see* Compl. 1; Pl.'s Opp'n 1.[2]

> In Maryland, privity is determined by a functionalist test—those who "have a direct interest in the suit...[or] are so far represented by another that their interests receive actual and efficient protection" are privies. *Cochran v. Griffith Energy Servs., Inc.*, 43 A.3d 999, 1003 (Md. 2012). As a result, "Maryland recognizes that a principal and his agent are in privity." *Kutzik v. Young*, 730 F.2d 149, 152 (4th Cir. 1984); *see also deLeon v. Slear*, 616 A.2d 380, 389 (Md. 1992) (holding that an employee was in privity with her employer).

*Clark v. 100 Harborview Drive Council of Unit Owners*, No. JFM-14-3122, 2016 WL 1159198, at *8 (D. Md. Mar. 23, 2016). Thus, the employee Defendants are in privity with Easterns. *See id.*

In the State Court Litigation, Plaintiff claimed discrimination based on race, age and "mental capabilities," as well as defamation. State Ct. Compl. 1–2. Here, she claims "defamation of character, age, race, threats, [and] sabortagement [sic]." *Id.* Under Maryland law, courts apply the transaction test to determine whether claims are identical. *See Kent Cnty.*

---

[2] The complaint filed in the State Court Litigation includes the individual defendants' names, handwritten on the typed pleading, as part of Easterns's address. The State Court Docket shows that Easterns was the only defendant.

4

*Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987). "Under the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman*, 731 A.2d 916, 928 (Md. 1999)). Notably, *res judicata* bars not only claims from the original litigation, but also other claims that could have been brought in the original litigation. *Id.* (citing *Gertz v. Anne Arundel Cnty.*, 661 A.2d 1157, 1161 (Md. 1995)). The defamation and discrimination claims clearly were raised in the earlier lawsuit. The claims of "threats" and "sabortagement," insofar as Ferebee could state these claims at all,[3] could have been brought in the State Court Litigation because they arose from the same alleged incident. *See Boyd*, 806 A.2d at 325.

In the State Court Litigation, Easterns moved to dismiss; the Maryland court granted the motion, dismissing the case with prejudice based on Ferebee's failure to state a claim, Def.'s Mem. Ex. B, ECF No. 9-3; and the Maryland Court of Special Appeals dismissed Ferebee's appeal, *id.* Ex. C, ECF No. 9-4. Moreover, Ferebee then filed the same pleading in the District Court for Prince George's County, Maryland, which dismissed on *res judicata* grounds. Def.'s Mem. 2–3 & Ex. D, ECF No. 9-5.[4] Thus, there was a final judgment on the merits in the State Court Litigation. *See Bradley v. CVS Corp.*, No. PJM 07-2732, 2008 WL 7874768, at *3 (D. Md.

---

[3] "[A] cause of action is a set of facts which would justify judgment for the plaintiff under some *recognized* legal theory of relief." Paul Mark Sandler & James K. Archibald, *Pleading Causes of Action in Maryland* 2 (MICPEL 4th ed. 2008) (emphasis added). Neither "threats" nor "sabortagement" is a "recognized legal theory of relief." *See id.* And, because the federal claims are barred and the parties, all Maryland residents, are not diverse, these purported state law claims also are subject to dismissal for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

[4] Although Easterns does not attach the state court pleading, and the dismissal order only states that dismissal was with prejudice, without providing the grounds, Ferebee does not, in her Opposition or her supplemental filings (ECF Nos. 15, 15-1, 16, 16-1, 16-2, 17, 17-1) dispute that the pleading was the same as the earlier State Court Litigation or that the case was dismissed based on *res judicata*.

Aug. 28, 2008) ("Under Maryland law, dismissal with prejudice . . . constitute[s] adjudications on the merits for purposes of *res judicata*."), *aff'd,* 328 F. App'x 877 (4th Cir. 2009); *see also Wooddy v. Wooddy,* 309 A.2d 754, 758 (Md. 1973).

Because all of the elements of *res judicata* are present, Ferebee's Complaint must be dismissed in its entirety. *See Capel,* 2010 WL 457534, at *3; *Norville,* 887 A.2d at 1037. Moreover, dismissal will be with prejudice. *See alo Gunter v. Agents for Int'l Monetary Fund Internal Revenue Serv.,* No. PWG-16-1386, 2017 WL 219374, at *5 (D. Md. Jan. 19, 2017) (dismissing action with prejudice where all elements of *res judicata* were present); *Weigel v. Maryland,* 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) ("When a plaintiff fails to state a claim, he 'should generally be given a chance to amend the complaint ... before the action is dismissed with prejudice."[] But, dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim. *See, e.g., Cozzarelli v. Inspire Pharm., Inc.,* 549 F.3d 618, 630 (4th Cir. 2008).").

### Request to Enjoin Future Filings

Easterns asks the Court to "protect the Defendant from further filings by Plaintiff who has shown herself to be [a] serial and abusive filer" who has "misuse[d] ... the judicial system." Def.'s Mem. 6. Defendant attaches a printout of the cases Ferebee has filed in the Circuit Court for Prince George's County and a printout of the cases Ferebee has filed "in this Court against, essentially, the same defendants." *Id.* at 6 & Exs. E, F, ECF Nos. 9-6. 9-7.

"[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . ." *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 817 (4th Cir. 2004); *see Thomas v. Fulton,* 260 F. App'x 594, 596 (4th Cir. 2008) (citing *Cromer,* 390 F.3d at 817–18). One means of limiting access is a pre-filing

6

injunction, which should only be used sparingly and be based on a litigant's demonstrated vexatious or repetitive filing of meritless motions and other requests for relief. Where there exist "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions," a pre-filing injunction is appropriate. *See Cromer*, 390 F.3d at 817–18 (citation and internal quotation marks omitted). When determining whether to employ a pre-filing review system, a court should consider the following factors: (1) "the party's history of litigation, in particular whether [s]he has filed vexatious harassing, or duplicative lawsuits"; (2) whether the party files her cases on good faith bases, or only to harass; (3) "the extent of the burden on the courts and other parties resulting from the party's filings"; and (4) if alternative sanctions are adequate. *Id.* at 818. The injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id.*

Ferebee's litigation history is extensive. She has filed two other cases in state court against Easterns, as discussed previously, as well as at least three cases against International House of Pancakes (Nos. DKC-13-3817 and DKC-15-3840 in this Court and No. CAL1332374 in the Circuit Court for Prince George's County), at least three against Lexy Corp. (Nos. PWG-13-3931 and PWG-17-1071 in this Court and No. CAL1328955 in the Circuit Court for Prince George's County), at least two against Temple Hills Post Office (No. GJH-14-2451 in this Court and No. CAL1407947 in the Circuit Court for Prince George's County), at least three against the National Conference of State Legislatures (No. GJH-16-2055 in this Court, No. 04-536-JR in the District of the District of Columbia, and No. CAL1415720 in the Circuit Court for Prince George's County), at least two against United Medical Center (No. PX-16-2879 in this Court and No. CAL1432375 in the Circuit Court for Prince George's County), and at least two against Sheehy Ford Dealership (No. PX-16-3142 in this Court and No. CAL1424094 in the Circuit

Court for Prince George's County). Other than *Ferebee v. International House of Pancakes*, No. DKC-13-3817, in which summary judgment was entered in defendant's favor, and *Ferebee v. United Medical Center*, No. PX-16-2879, which Ferebee voluntarily dismissed, this Court has dismissed all of the cases that Ferebee filed in this Court following litigation against the same defendants in state court. She also has at least seven pending cases against other defendants in this Court. *See Ferebee v. U.S. Post Office*, No. GJH-16-3482; *Ferebee v. Shoppers Food*, No. PX-16-3645; *Ferebee v. Scott Mgmt. Prop.*, No. PJM-17-1072; *Ferebee v. Sally Beauty Supply Store*, No. PX-16-2991; *Ferebee v. Dollar Tree Store Franchises*, No. PX-17-643; *Ferebee v. Juanita L. Petty, Esq.*, No. PWG-17-1503; *Ferebee v. Dep't of Human Relations Comm'n*, No. TDC-16-3803. And, she has filed other lawsuits in the Circuit Court for Prince George's County against 7-11 Convenience Store (two separate cases), Delight Doughnuts, Subway, Dr. Lauren Rogers, Rainbow Enterprise, Rent A Car Rental, Prince George's County Human Relations Commission, Limbrick, Divorce Court, and Guerra. Her filings place an undue burden on the Court and the defendants she names, especially given that she often sues one defendant more than once, as she has done here.

Although Ferebee may not have understood principles of *res judicata* initially, I now have explained clearly that cases are barred by *res judicata* when the plaintiff raised or could have raised the same claims in a lawsuit that she previously filed in this Court or another court, where the court already issued a final judgment on the merits against the same defendant or others in privity with that defendant. Ferebee is cautioned that should she persist in filing cases that are barred by *res judicata*, those filings will be deemed vexatious, as she will have filed them with no good faith basis for doing so. Consequently, she may subject herself to the

imposition of an injunction prohibiting future filings that have not previously been reviewed to determine whether they merit being accepted for filing by the Clerk of the Court.

## ORDER

Accordingly, it is this 11th day of July, 2017, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED;

2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis IS GRANTED;

3. The Clerk SHALL PROVIDE a copy of this order to Plaintiff; and

4. The Clerk SHALL CLOSE this case.

_____
Paul W. Grimm
United States District Judge